Dear Representative Winston:
This office is in receipt of your request for an opinion of the Attorney General in regard to issues of municipal annexation. You note that R.S. 33:180 requires a petition from a public entity prior to annexation of public property but seems to apply only to annexation of "territory within which all of the land is owned by a state agency, political subdivision or public body." Accordingly, you ask the following:
 1. Under what circumstances is the municipality required to obtain the approval of the Department of Transportation and Development before proceeding with annexation of a state highway, and if the territory proposed for annexation includes both a state highway and a commercial development, what provisions of R.S. 33:171 et seq. would apply to the role of the public entity in the annexation process; and,
 2. If it is determined that the Department of Transportation and Development must approve such an annexation before it can be adopted by the municipality, and a municipality has requested that the department give such approval to a particular annexation, is the department required to grant such approval unless it determines the proposed annexation would have a negative impact on the highway or on the traffic; or are there some other criteria which the department must utilize in evaluating the proposed annexation.
As you note, R.S. 33:180 pertains to annexation of public property upon petition from the public body. R.S. 33:180 as amended by Act No. 1304 of 1997 provides as follows:
 A. The governing body of any municipality other than the city of New Orleans may, by ordinance, enlarge the boundaries of the municipality to include territory within which all of the land is owned by a state agency, political subdivision, or public body, but only upon petition of the governing body of the agency, political subdivision or public body owning the land which is to be so included. Except as otherwise provided by this Section, the governing body of the municipality may, in its discretion, upon majority vote thereof, adopt such an ordinance without the necessity of compliance with any of the procedures of advertisement, petition by residents, public hearing or other procedures set forth in this Sub-part.
 B. No municipality may annex the paved portion of a public road without including in such annexation all property adjacent to at least one side of the road, the paved portion of which is included in the annexation.
 C. A municipality may annex a portion of the right-of-way of a public road as a corridor connecting other property which is not contiguous to the municipality but which is to be annexed without including the property adjacent to the corridor. Any annexation pursuant to this Subsection shall be in accordance with the following:
 (1) The municipality shall, by certified mail, notify the state agency or political subdivision which owns the road proposed to be annexed at least thirty days prior to the introduction of the ordinance proposing such annexation.
 (2) The petition or written consent of the state agency or political subdivision must be received by the municipality prior to the adoption of the ordinance.
 Section 2. Notwithstanding the provisions of R.S. 33:175, an ordinance annexing property which violates R.S. 33:180(B) and which was adopted after January 1, 1990, by the governing authority of any municipality in a parish with a population of not fewer than seventeen thousand five hundred persons and not more than eighteen thousand persons as of the most recent federal decennial census may be contested by any citizen owning property adjacent to the public road in the manner provided in R.S. 33:174 within one hundred eighty days after the effective date of this Act.
 From these amended provisions it appears when a municipality annexes the right-of-way of a public road that serves as a corridor to the property to be annexed which is not contiguous to the municipality, and when the annexation does not include the property adjacent to the corridor, the entity owning the road must be notified, and must give written consent to the annexation.
 With the understanding that a state highway annexed by a municipality does not transfer ownership, and considering the provisions of R.S. 33:171 et seq., we do not find the provisions of R.S. 33:171 et seq. apply to DOTD in the annexation process. In reaching this conclusion we particularly note that annexation requires enactment of an ordinance, and under R.S. 33:172
no ordinance is valid unless prior to its adoption a petition was presented to the governing body containing written assent of a majority of "registered voters" of the municipality, a majority of "resident" property owners, as well as being 25% in value of property of the residents. We do not find that this would apply to DOTD for it is neither a resident property owner nor a registered voter of the municipality.
 Similarly, R.S. 33:174 allows for filing of a suit to contest the proposed extension of the municipal boundaries by "any interested citizen of the municipality or territory" wherein the sole question is whether the extension is reasonable. The DOTD is not a citizen of the municipality or territory to qualify to contest the proposed extension. Of course, it can always voice an objection at a public hearing relating to enactment of the ordinance for annexation.
 In response to your last question as to whether the department is required to grant approval unless it determines the annexation would have a negative impact on the highway, we do not find any criteria to be followed by the department before giving its approval except that they be notified at least thirty days prior to the introduction of the ordinance proposing such amendments.
 Therefore, we find that a municipality is required to obtain approval of the Department of Transportation and Development before proceeding with annexation that includes a state highway as a corridor to the property included in the annexation which is not contiguous to the municipality, but we do not find any criteria that DOTD must follow for giving or withholding its written consent to the annexation request.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: December 3, 1997 Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General